UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

CARL SETON and ANGELA SETON,

                                           Plaintiffs,

              -against-

CITY OF NEW YORK, GERARD DELPRETE, Individually,
LAWRENCE COGNATO, Individually, ANDREW HILLERY,
Individually, DAVID LUPPINO, Individually, MARTIN
BANGHART, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                         Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

12 CV 3978
(RJD) (RLM)

<u>Jury Trial Demanded</u>

      Plaintiffs CARL SETON and ANGELA SETON, by their attorneys, Leventhal & Klein,

LLP, complaining of the defendants, respectfully allege as follows:

## PRELIMINARY STATEMENT

      1.     Plaintiffs bring this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988 for violations of their civil rights, as said

rights are secured by said statutes and the Constitution of the United States. Plaintiffs also assert

supplemental state law claims.

## JURISDICTION

      2.     This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

      3.     Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.    Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.    Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.    Plaintiff CARL SETON is a thirty-five year old man residing in Staten Island, New York.

7.    Plaintiff ANGELA SETON is a thirty-seven year old woman residing in Staten Island, New York.

8.    Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.    Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

10.    That at all times hereinafter mentioned, the individually named defendants, GERARD DELPRETE, LAWRENCE COGNATO, ANDREW HILLERY, DAVID LUPPINO, MARTIN BANGHART, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.    That at all times hereinafter mentioned the defendants, either personally or

2

through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

13.     This action arises from the defendants' unlawful customs, policies and practices resulting in the violations of plaintiff CARL SETON's civil rights on two separate occasions, and of his wife ANGELA SETON's rights on one occasion.

### Incident I

14.     On January 1, 2011, at approximately 6:15 p.m., Mr. Seton was lawfully present outside of the Staten Island Stadium 16 Movie Theater.

15.     Mr. Seton, who is disabled due to a back injury, had exited the movie theater to retrieve his prescription pain medication from his vehicle.

16.     Mr. Seton had one oxycodone pill, inside a marked prescription bottle, with his name on it, inside of the glove box of his vehicle.

17.     Mr. Seton retrieved the pill bottle from his glove box, took the one pill out, and closed his vehicle door.

18.     Moments thereafter, defendant officers, believed to be defendants GERARD DELPRETE and LAWRENCE COGNATO, rushed up to Mr. Seton, pushed him against his car, and asked in sum and substance: "what did you take from that pill bottle."

19.     Mr. Seton told them he had retrieved his pain medication and that they could

3

check the pill bottle in his glove box.

20.     The officers responded, in sum and substance, "that's not our job."

21.     The officers falsely arrested Mr. Seton, handcuffed him, and unlawfully imprisoned him inside a police vehicle.

22.     The defendant officers imprisoned Mr. Seton, handcuffed, in the vehicle, until approximately 11:30 p.m., before finally transporting him to the NYPD's 120th Precinct stationhouse.

23.     The officers imprisoned Mr. Seton therein until approximately 1:30 a.m., when they released Mr. Seton with a desk appearance ticket compelling his appearance in Richmond County Criminal Court on February 1, 2011.

24.     Mr. Seton appeared as required in Richmond County Criminal Court on February 1, 2011, and he was arraigned on false charges filed under 2011RI000897, said charges having been filed against Mr. Seton based on the false allegations of defendant DELPRETE that Mr. Seton unlawfully possessed oxycodone. The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority and/or for other collateral objectives, such as overtime compensation and/or to meet quotas.

25.     The malicious prosecution compelled Mr. Seton to return to Richmond County Criminal Court on approximately three dates, until June 24, 2011, when all the charges filed against him were dismissed and sealed.

26.     Defendants DELPRETE, COGNATO, and JOHN and JANE DOE 1 through 5 either participated in and or failed to intervene in the illegal conduct described herein.

4

**Incident II**

27.    On May 11, 2011, at approximately 6:30 p.m., Mr. and Mrs. Seton were parking their vehicle in front of their home, which is located near the corner of Oak Street and St. Mary's Avenue, when defendant officers, believed to be defendants DAVID LUPPINO and MARTIN BANGHART, rushed up and ordered both plaintiffs out of the vehicle.

28.    The officers searched plaintiffs and the vehicle.

29.    The officers recovered from Mr. Seton, one blue pill case, which contained one half pill of oxycodone and one pill of alprazolam.

30.    Mr. Seton informed the officers he had prescriptions for both pills.

31.    Mr. Seton then called out to a neighbor who was outside and asked him to go into Mr. Seton's home to retrieve his pill bottles to show to the officers.

32.    His neighbor went into Mr. Seton's home.

33.    Moments later, Mr. Seton's son came out of the house with Mr. Seton's pill bottles.

34.    When Mr. Seton's son attempted to approach the officers with the pill bottles, he was told by an officer, in sum and substance, that if he walked closer they would arrest him too.

35.    The officers falsely arrested Mr. and Mrs. Seton, handcuffed them, and imprisoned them in a police vehicle.

36.    The officers imprisoned Mr. and Mrs. Seton, handcuffed, in the police vehicle, until approximately 11:30 p.m., before bringing them to the 120th Police Precinct stationhouse and imprisoning them therein.

37.    The officers caused plaintiffs to be imprisoned until their arraignments the following day in Richmond County Criminal Court, on false charges filed under 2011RI004478,

5

said charges having been filed against them based on the false allegations of defendant LUPPINO that Mr. and Mrs. Seton unlawfully possessed oxycodone and alprazolam. The defendants initiated said prosecutions with malice, and otherwise caused said prosecution to be commenced against plaintiffs for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to cover up the above mentioned abuse of authority.

38.    The malicious prosecutions compelled plaintiffs to return to Richmond County Criminal Court on June 24, 2011, when all charges filed against plaintiffs were dismissed and sealed.

39.    Defendants LUPPINO, BANGHART, and JOHN and JANE DOE 6 through 10 either participated in and or failed to intervene in the illegal conduct described herein.

**As to Incidents I and II**

40.    Defendant ANDREW HILLERY, who at the time held the rank of Sergeant, supervised defendants DELPRETE, COGNATO, LUPPINO, BANGHART, and JOHN and JANE DOE 1 through 10, and approved of, oversaw, and otherwise participated in the arrests and prosecutions of the plaintiffs.

41.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training, and supervising of its employees, and pursuant to *de facto* custom or practice of falsification.

42.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware (from lawsuits, notices of claims, and complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board) that many NYPD officers, including the defendants, are insufficiently trained regarding: the basis for arrests and

6

prosecutions, the investigation of readily available exculpatory evidence, and that said officers otherwise engage in falsification.

43.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

44.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

45.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON, sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

### Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. § 1983)

46.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

48.    All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth

7

Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

49.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

50.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

51.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

52.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

53.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.    Defendants arrested plaintiff CARL SETON on January 1, 2011 and on May 11, 2011 without probable cause, and arrested plaintiff ANGELA SETON on May 11, 2011 without probable cause, causing them to be detained against their will for an extended period of time and

subjected to physical restraints.

55.    Defendants caused plaintiffs to be falsely arrested and unlawfully imprisoned.

56.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

57.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "56" with the same force and effect as if fully set forth herein.

58.    Defendants maliciously issued criminal process against plaintiff CARL SETON on January 1, 2011 and on May 11, 2011, and against ANGELA SETON on May 11, 2011, by causing them to be arraigned and prosecuted in Criminal Court.

59.    Defendants caused plaintiffs CARL SETON and ANGELA SETON, to be prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to cover up their abuse of authority.

60.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

61.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "60" with the same force and effect as if fully set forth herein.

62.    Defendants initiated, commenced and continued malicious prosecutions against plaintiff CARL SETON on February 1, 2011, and against plaintiffs CARL SETON and ANGELA SETON on May 12, 2011.

63.    Defendants caused plaintiffs CARL SETON and ANGELA SETON, to be prosecuted without any probable cause until the charges were dismissed on June 24, 2011.

64.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FIFTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

65.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "64" with the same force and effect as if fully set forth herein.

66.    The defendants conduct herein were an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

67.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON, were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

68.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

69.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     Defendants had an affirmative duty to intervene on behalf of plaintiffs CARL SETON and ANGELA SETON, whose constitutional rights were being violated in their presence by other officers.

71.     The defendants failed to intervene to prevent the unlawful conduct described herein.

72.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to handcuffing and other physical restraints.

73.     As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Supervisory Liability under 42 U.S.C. § 1983)

74.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "73" with the same force and effect as if fully set forth herein.

75.     The supervisor defendants, including Hillery, personally caused plaintiffs' constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

76.     As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are

11

entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

77.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "76" with the same force and effect as if fully set forth herein.

78.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

79.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to: arresting individuals without probable cause; failing to investigate readily available exculpatory evidence; and, engaging in falsification, committing perjury, or manufacturing evidence in an attempt to convict innocent individuals or for other collateral objectives, such as overtime compensation, and/or to meet quotas.

80.     In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training, and supervising its employees that were the moving force behind the violation of plaintiffs' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

81.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs CARL SETON and ANGELA SETON.

82.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs CARL SETON and ANGELA SETON, as alleged herein.

83.    The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiffs CARL SETON and ANGELA SETON, as alleged herein.

84.    As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiffs CARL SETON and ANGELA SETON, were unlawfully arrested and maliciously prosecuted.

85.    Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs CARL SETON and ANGELA SETON'S constitutional rights.

86.    All of the foregoing acts by defendants deprived plaintiffs CARL SETON and ANGELA SETON, of federally protected rights, including, but not limited to, the right:

    A.    Not to be deprived of liberty without due process of law;

    B.    To be free from false arrest/unlawful imprisonment;

    C.    To be free from the failure to intervene;

13

D.    To be free from malicious prosecution; and

E.    To be free from malicious abuse of process.

87.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**Supplemental State Law Claims**

88.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.    Within ninety (90) days after the claim herein accrued, plaintiffs duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

90.    The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

91.    This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

92.    Plaintiffs have complied with all conditions precedent to maintain the instant action.

93.    This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR A NINTH CAUSE OF ACTION
(False Arrest under the laws of the State of New York)

94.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "93" with the same force and effect as if fully set forth herein.

95.     Defendants arrested plaintiff CARL SETON without probable cause on January 1, 2011 and May 11, 2011, and arrested plaintiff ANGELA SETON without probable cause on May 11, 2011.

96.     Plaintiffs were detained against their will for an extended period of time and subjected to physical restraints.

97.     As a result of the aforementioned conduct, plaintiffs were unlawfully imprisoned in violation of the laws of the State of New York.

98.     As a result of the aforementioned conduct, plaintiffs suffered physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

99.     As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TENTH CAUSE OF ACTION
(Assault under the laws of the State of New York)

100.     Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101.     As a result of the foregoing, plaintiff CARL SETON was placed in apprehension of imminent harmful and offensive bodily contact on January 1, 2011 and on May 11, 2011 and plaintiff ANGELA SETON was placed in apprehension of imminent harmful and offensive

bodily contact on May 11, 2011.

102. As a result of defendants' conduct, plaintiffs have suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

103. As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN ELEVENTH CAUSE OF ACTION
(Battery under the laws of the State of New York)

104. Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. Defendants made offensive contact with plaintiff CARL SETON on January 1, 2011 and May 11, 2011 without privilege or consent, and made offensive contact with plaintiff ANGELA SETON on May 11, 2011.

106. As a result of defendants' conduct, plaintiffs have suffered serious physical injuries, pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

107. As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A TWELFTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

108.   Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "107" with the same force and effect as if fully set forth herein.

109.   Defendants initiated, commenced and continued malicious prosecutions against plaintiffs CARL SETON and ANGELA SETON.

110.   Defendants caused plaintiffs CARL SETON and ANGELA SETON to be prosecuted without probable cause until the charges were dismissed on or about June 24, 2011.

111.   As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress under the laws of the State of New York)

112.   Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113.   The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

114.   The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

115.   The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant CITY OF NEW YORK.

17

116.    The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to plaintiffs.

117.    As a result of the aforementioned conduct, plaintiffs suffered emotional distress, together with embarrassment, humiliation, shock, fright, and loss of freedom.

118.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A FOURTEENTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

119.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraph numbered "1" through "118" with the same force and effect as if fully set forth herein.

120.    Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who conducted and participated in the arrest of plaintiffs.

121.    Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

122.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York)

123.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "122" with the same force and effect as if fully set forth herein.

124.    Upon information and belief the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who conducted and participated in the arrest and prosecution of plaintiffs.

125.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTEENTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

126.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "125" with the same force and effect as if fully set forth herein.

127.    Plaintiffs' injuries herein were caused by the carelessness, recklessness and negligence of the defendant CITY OF NEW YORK and its employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

128.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus

reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTEENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

129.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "128" with the same force and effect as if fully set forth herein.

130.    Defendant CITY OF NEW YORK is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

131.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR AN EIGHTEENTH CAUSE OF ACTION
(Violation of N.Y.S. Constitution Article 1 §12)

132.    Plaintiffs repeat, reiterate, and reallege each and every allegation contained in paragraphs numbered "1" through "131" with the same force and effect as if fully set forth herein.

133.    As a result of defendants' conduct, plaintiffs were deprived of their right to security against unreasonable searches, seizures, and interceptions.

134.    As a result of the foregoing, plaintiffs CARL SETON and ANGELA SETON are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiffs CARL SETON and ANGELA SETON, demand judgment and pray for the following relief, jointly and severally, against the defendants:

(A)    full and fair compensatory damages in an amount to be determined by a jury;

(B)    punitive damages against the individual defendants in an amount to be determined by a jury;

(C)    reasonable attorneys' fees and the costs and disbursements of this action; and

(D)    such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       March 11, 2013

LEVENTHAL & KLEIN, LLP
Attorneys for Plaintiffs CARL SETON and
ANGELA SETON
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100

By:    _____
       BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

CARL SETON and ANGELA SETON,

                                Plaintiffs,

           -against-

CITY OF NEW YORK, GERARD DELPRETE, Individually,
LAWRENCE COGNATO, Individually, ANDREW HILLERY,
Individually, DAVID LUPPINO, Individually, MARTIN
BANGHART, Individually, and JOHN and JANE DOE 1
through 10, Individually (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                              Defendants.

--------------------------------------------------------------------------------X

12 CV 3978
(RJD) (RLM)

**AMENDED COMPLAINT**

**LEVENTHAL & KLEIN, LLP**
Attorneys for the Plaintiffs
45 Main Street, Suite 230
Brooklyn, New York 11201
(718) 722-4100